IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMDOCS, INC. | ) | |
| | ) | |
| 1390 Timberlake Manor Parkway | ) | |
| Chesterfield, MO 63017 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-cv-02084 |
| | ) | |
| R. ALEXANDER ACOSTA, in his official | ) | |
| capacity as Secretary of the U.S. Department of | ) | |
| Labor, | ) | |
| c/o Office of the General Counsel | ) | |
| U.S. Department of Labor | ) | |
| 200 Constitution Avenue, NW | ) | |
| Washington, D.C. 20210 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Amdocs, Inc. ("Amdocs"), for its complaint against Defendant R. Alexander

Acosta, in his official capacity as Secretary of the U.S. Department of Labor ("USDOL"), by and

through its undersigned attorneys, and on information and belief, alleges as follows:

**INTRODUCTION**

1.     This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. §

551 *et seq.*, challenging a final decision made by the Defendant in 2017 to deny a labor

certification application that Amdocs filed for one of its employees in 2011.

1

2.      Defendant's denial of Amdocs' labor certification application is premised on the unlawful conclusion that Amdocs' U.S. worker recruitment efforts, made as part of its labor certification application, violated 20 C.F.R § 656.10(c) because the job opportunity underlying the recruitment efforts is and was not clearly open to all U.S. workers.

3.      In February 2011, Plaintiff placed an advertisement on Monster.com, which was completed to satisfy recruitment efforts involved with USDOL's permanent labor certification benefit program.

4.      Without authorization from Plaintiff, Monster.com inserted a default wage range of $0.00 to $1.00 per hour into that published job posting content.  Defendant's denial of Amdocs' labor certification application results from Monster's unauthorized default wage range entry.

5.      Plaintiff sought resolution of this matter in multiple levels of administrative review including motion to reconsider and request for review with an administrative law judge panel.  In June 2017, more than six years from Plaintiff's original labor certification application filing, that administrative law judge panel affirmed the determination that Amdocs' job opportunity underlying its recruitment efforts is and was not clearly open to all U.S. workers because of the $0.00 - $1.00 per hour entry in its website posting; which any reasonable person would recognize to be a clear, default wage placeholder not intended to reflect the position's actual wage.

6.      Amdocs seeks a declaration that the Defendant's decision violated the APA because it was arbitrary and capricious and was otherwise not in accordance with the law and an Order to certify Amdocs' labor certification application.

## PARTIES

7.    Plaintiff Amdocs is a Delaware corporation with its principal place of business at 1390 Timberlake Manor Parkway, Chesterfield, MO 63017.  Amdocs develops, implements, maintains, and manages technological billing and customer management oriented software platforms for its telecommunications and broadband media clients, driving innovation in the development and implementation of products to answer the challenges of the new world of customer experience.

8.    Defendant Alexander Acosta is the Secretary of the USDOL and oversees the adjudication of benefit applications filed with that government agency, including the labor certification application filed by Amdocs (formally named an "Application for Permanent Employment Certification).  Labor certification applications are filed with the agency's Employment and Training Administration, Office of Foreign Labor Certification, pursuant to 8 U.S.C. § 1182(a)(5)(A), and 20 C.F.R. Part 656.  When a denial of a labor certification application becomes final, the denial is the final decision of the Secretary.

## JURISDICTION

9.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Declaratory judgment is sought pursuant to 28 U.S.C. §§ 2201-02.  There exists between the parties an actual and justiciable controversy in which Plaintiff seeks declaratory relief to protect its legal rights. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

## VENUE

10.    Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1), because the

Defendant resides in this district, and 28 U.S.C. § 1391(e)(2), because a substantial part of the

events or omissions giving rise to the claim occurred in this district.

## EXHAUSTION OF REMEDIES

11.    Plaintiff exhausted its administrative remedies.   Plaintiff, through its attorney,

followed the administrative review process, set forth in 20 C.F.R. § 656.26, by appealing the denial

of its labor certification application to the Board of Alien Labor Certification Appeals ("BALCA").

BALCA affirmed the denial on June 28, 2017, which constitutes administrative exhaustion of

remedies, and the denial has become a final decision of the Secretary, as per 20 C.F.R. §§

656.24(e)(3); 656.24(e)(4); 656.26. There are no further administrative remedies available to

Plaintiff.

## LEGAL BACKGROUND

12.    The Department of Labor's role in immigration derives from 8 U.S.C. § 1182(a).

This statute sets forth various categories of foreign nationals that are ineligible for visas and

admission to the United States.  Of relevance here, 8 U.S.C. § 1182(a)(5) sets forth that a foreign

national who seeks to enter the United States for the purpose of performing skilled or unskilled

labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary

of State and Secretary of the Department of Homeland Security that (i) there are not sufficient

workers who are able, willing, qualified, and available at the time of application for a visa and

admission to the United States and at the place where the alien is to perform such skilled or

unskilled labor, and (ii) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

13.     The Secretary of Labor's employment certification is referred to as a "labor certification." 20 C.F.R. § 656.2(c)(3).

14.     USDOL issues labor certifications in several instances including applications involving the permanent employment of aliens.  20 C.F.R. § 656.2(c)(2).

15.     The procedures through which such permanent employment labor certifications may be applied for through the Office of Foreign Labor Certification, and granted or denied are set forth in 20 C.F.R. Part 656.

16.     The recruitment requirements for labor certification are set forth in 20 C.F.R. § 656.17(e).  An employer pursuing a labor certification involving a professional position, i.e., an occupation for which the attainment of a bachelor's or higher degree is a usual education requirement, must utilize more sources than an employer pursuing a labor certification for a non-professional positions.  Among the professional-occupation recruitment directives is a list of additional sources from which an employer must select three when recruiting for a professional position.  One of those sources is a job search website other than an employer's "careers" webpage.

17.     When filing a labor certification application, an employer must certify to ten conditions of employment set forth at 20 C.F.R. § 656.10(c).  Of relevance here, an employer must certify that the job opportunity underlying the labor certification application has been and is clearly open to any U.S. worker. 20 C.F.R. § 656.10(c)(8).

18.     The Chief, Office of Foreign Labor Certification is the National Certifying Officer.  The Chief and the certifying officers ("CO") in the ETA application processing centers

have the authority to certify or deny labor certification applications.  20 C.F.R. §§ 656.2(c)(2)

and § 656.24.

19.     A CO decides either to grant or deny the labor certification based on whether an

employer has (i) met the requirements of 20 C.F.R. Part 656, (ii) there is in the United States a

worker who is able, willing, qualified, and available for and at the place of the job opportunity,

and (iii) the employment of the alien will not have an adverse effect upon the wages and working

conditions of U.S. workers similarly employed.  20 C.F.R. § 656.24(b).

20.     If the CO denies a labor certification application, an employer may request

reconsideration by the CO within 30 days from the date of issuance of the denial.  20 CFR

656.24(g)(1).

21.     An employer may make a request for review to BALCA, which must be filed

within 30 days of the CO's final determination.  20 CFR 656.26(a)(2)

## FACTUAL BACKGROUND

22.     On June 21, 2011, Amdocs filed a labor certification application with USDOL's

Employment and Training Administration's Office of Foreign Labor Certification, using the

Program Electronic Review Management (PERM) system, to obtain Defendant's certification as

to the employment of a foreign national in the professional position of Development Group

Leader.

23.     To satisfy its pre-filing, professional-position recruitment requirements pursuant

to 20 C.F.R. § 656.17(e), Amdocs used a job search website, Monster.com, to advertise the

Development Group Leader position.

24.     Plaintiff did not confirm salary information with or otherwise provide such

information to Monster.com or any intermediary when arranging to place the job posting.  When

published on the internet, Monster.com, without authorization, published a salary range of $0.00

to $1.00 in the job description content visible to the public.

26.    The $0.00 to $1.00 per hour was a default wage entry made unilaterally by a

Monster.com administrator.  There is no requirement in 20 C.F.R. Part 656 that an employer list

a salary in its recruitment efforts, and Amdocs did not intend for its recruitment efforts to list a

salary range.

26.    An offered salary must be stated in an employer's notice of filing, which must be

made between 30 and 180 days prior to the labor certification application filing pursuant to 20

C.F.R. § 656.10(d).

27.    In its compliant notice of filing, Amdocs confirmed an offered salary range of

$77,834.00 to $87,000.00 per year for the Development Group Leader position.

28.    Amdocs filed its Development Group Leader labor certification application on

June 11, 2011, specifying in section G of that application that the wage offer information equaled

the range specified on its notice of filing, i.e., $77,834.00 to $87,000.00.

29.    On August 24, 2011, the CO selected the Development Group Leader application

for audit review.

30.    On September 26, 2011, the Plaintiff, through its attorneys, submitted a response

to the audit notification, in which it included, *inter alia*, documentation of its Monster.com

website posting.

31.    The CO denied the application on January 31, 2012.  The CO contended, in

addition to another basis no longer relevant, that the job search website posting violated 20

C.F.R. § 656.10(c)(8), which is an attestation an employer must make when filing a labor

certification, certifying that the job opportunity has been and is clearly open to all U.S. workers.

32.     Amdocs filed a Motion to Reconsider with the CO on February 28, 2012, which the CO denied on June 4, 2012. Amdocs made a request for review with BALCA on December 12, 2012.

33.     Among Plaintiff's arguments made in its motion to reconsider and on appeal to BALCA was the fact that no reasonable person could view the $0.00 - $1.00 salary range as an actual, offered salary, and as such the range did not have a chilling effect on recruitment.

34.     On February 15, 2017, Plaintiff filed notice of motion, motion to remand, and a memorandum of points and authorities with BALCA, requesting that it remand Plaintiff's labor certification application to the CO with an order directing certification of the application.

35.     In requesting remand, Plaintiff reiterated its reasonable person argument and the fact that such a person could only view the $0.00 to $1.00 per hour wage range as an obvious placeholder. Plaintiff argued that because a reasonable person would not view that wage placeholder as the actual offered salary and would not be discouraged from seeking the job opportunity, its attestation that the job was and is clearly open to all U.S. workers pursuant to 20 C.F.R. §656(10)(c)(8) remains valid.

36.     In its request to remand, Plaintiff cited to Bahwan Cybertek Inc. 2012-PER-01147 (Bd. Labor Cert. App. 2016), which involved a similar wage range used as a placeholder, i.e., $1.00 to $1.00 per year, in a state workforce agency job order. There, the BALCA panel confirmed that the $1.00 to $1.00 per year was obviously a placeholder, it was clearly not intended to reflect the actual wage rate, and the employer's §656(10)(c)(8) attestation was valid. BALCA's order in that case directed a grant of certification.

37.     In its request to remand, Plaintiff maintained that its application also should be certified because its job website posting contained an obvious wage placeholder that was not

intended to reflect the actual wage rate, , and its §656(10)(c)(8) attestation consequently remains valid.

38.    On June 28, 2017, BALCA denied Plaintiff's appeal, affirming the Certifying Officer's reliance on 20 C.F.R. § 656.10(c)(8) as a correct basis for denial authority.

39.    BALCA contends that the "gross misrepresentation" of the position's salary, i.e., $0.00 to $1.00 per hour, clearly undermines § 656.10(c)(8), yet goes on to state that it is unclear what precise effect the "misreported wages" had on recruitment.

## CLAIM FOR RELIEF

## VIOLATION OF THE ADMINISTRATIVE
## PROCEDURE ACT (5 U.S.C. § 706(2)(A))

40.    Plaintiff Amdocs hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 39 as though fully set forth herein.

41.    A reviewing court shall "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

42.    The Defendant's single basis for denying Amdocs' application for labor certification is the claim that the wage placeholder found in the Monster.com recruitment source undermines Amdocs' attestation pursuant to 20 C.F.R. § 656.10(c)(8), i.e., that the job has been and is clearly open to all U.S. workers.

43.    Defendant denied Amdocs' labor certification application because he failed to properly interpret and apply the requirements of 20 C.F.R. § 656.10(c)(8), and his decision that the $0.00 to $1.00 per hour wage, which Monster.com inserted into the job posting and which any reasonable person would view as an obvious wage placeholder, or a clear error, and of no

effect on his or her view of the job opportunity, violates 20 C.F.R. § 656.10(c)(8), is arbitrary, capricious, and unlawful.

44.    Defendant acted arbitrarily, capriciously, and contrary to the law in violation of the APA by denying Amdocs' labor certification application.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Amdocs prays for judgment as follows:

As to the First Claim for Relief:

1.  A declaration that the Secretary's determination that Plaintiff's recruitment violates 20 C.F.R. § 656.10(c)(8) was arbitrary and capricious, and not in accordance with law, in violation of the APA.  5 U.S.C. § 706(2)(A).

2.  That this Court remand this matter to the Secretary with instructions to grant the certification of the Plaintiff's labor certification application within ten days of the date of the Court's Order.

3.  For such other relief as the Court deems just and proper.

Dated: October 6, 2017

Respectfully submitted,

Deborah J. Notkin, Esq. (NY0243)
*Counsel of Record*
Samuel D. Newbold, Esq. (NY0246)
BARST MUKAMAL & KLEINER LLP
2 Park Avenue, 19th Floor
New York, New York 10016
(212) 686-3838
dnotkin@bmkllp.com
snewbold@bmkllp.com

*Counsel for Plaintiff Amdocs, Inc.*